UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN LANDS ALLIANCE, *et al.*, | ) ) ) | Civil No. 1:04CV00434 (RBW) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| GALE NORTON, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

## STIPULATED SETTLEMENT AGREEMENT

Plaintiffs American Lands Alliance, Center for Native Ecosystems, Forest Guardians, The

Larch Company, and Sinapu ("Plaintiffs") and Defendants Gale A. Norton, Secretary of the U.S.

Department of the Interior ("Secretary"), and Dale Hall, Director of the U.S. Fish and Wildlife

Service (collectively "Defendants"), by and through their undersigned counsel, state as follows:

WHEREAS on January 25, 2000, several conservation organizations, including many of the

aforementioned Plaintiffs, submitted a petition to the Secretary to list the Gunnison sage grouse as

endangered pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*, and to issue

an "emergency" rule listing the species as endangered pursuant to Section 4(b)(7) of the ESA, 16

U.S.C. § 1533(b)(7);

WHEREAS on February 24, 2000, Ralph O. Morgenweck, Regional Director of the Fish and

Wildlife Service's ("Service") Mountain-Prairie Region, stated that the Service had designated the

Gunnison sage grouse as a "candidate" species and determined that an emergency listing rule was

not warranted;

WHEREAS on November 19, 2000, American Lands Alliance, The Larch Company, and

Sinapu filed a Complaint in this Court against Defendants, challenging Defendants' alleged failure

to issue a 90-day finding as required by Section 4(b)(3)(A) of the ESA, alleged other violations of the ESA and Administrative Procedure Act, 5 U.S.C. § 551 *et seq*. ("APA"), and ultimately prevailed in part;

WHEREAS on December 28, 2000, the Service published a *Notice of Designation of the Gunnison Sage Grouse as a Candidate Species* in the *Federal Register*, and, on October 30, 2001, June 13, 2002, May 4, 2004, and May 11, 2005, published Candidate Notices of Review ("CNOR") in the *Federal Register*, in which the Service asserted that listing of the Gunnison sage grouse under the ESA was "warranted" but "precluded" by higher-priority listing actions, and that an emergency listing rule for the grouse was not warranted;

WHEREAS Plaintiffs initiated this case by filing a Complaint on March 17, 2004, and a First Amended Complaint ("Complaint") on May 28, 2004, by which Plaintiffs requested declaratory and injunctive relief, designated the case as "related" to the prior Gunnison sage grouse case pursuant to Local Rule 40.5, and alleged that Defendants' "warranted but precluded" determinations for the grouse and decision not to issue an emergency listing rule were unlawful under Sections 4(b)(3)(B)(iii) and (C)(iii) of the ESA and arbitrary, capricious, and not in accordance with law under Section 706(1) of the APA;

WHEREAS Plaintiffs and Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Amended Complaint;

WHEREAS, all parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.      The Service shall submit for publication in the *Federal Register* a proposed listing determination as to the prudency of listing the Gunnison sage grouse, pursuant to Section 4(b)(6)(A) of the ESA, on or by March 31, 2006 to the maximum extent possible.  If the proposed listing determination concludes that listing of the Gunnison sage grouse is prudent, the Service shall submit for publication in the *Federal Register* a proposed rule to list the species.  If such a rule is proposed, the Service shall submit for publication in the Federal Register a final listing determination for the Gunnison sage grouse on or by March 31, 2007.

2.      If the Service anticipates that it will not meet the March 31, 2006 deadline to make a proposed listing determination, it will give notice to Plaintiffs by February 28, 2006.  If the Service determines that the statutory requirements are met for extending the March 31, 2007 listing determination pursuant to 16 U.S.C. § 1533(b)(6)(B)(i), or for any other reason(s) anticipates that it will not meet the March 31, 2007 deadline for a final listing determination, the Service will give Plaintiffs notice by February 28, 2007.

3.      Either party may seek to modify the deadline for any actions specified in Paragraph 1 consistent with the Federal Rules of Civil Procedure.  In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement ("Agreement"), the parties shall use the dispute resolution procedures specified in Paragraph 4.

4.      The Order entering this Agreement may be modified upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties, filed

with and approved by the Court, or upon written motion filed by one of the parties and granted by

the Court.  In the event that either party seeks to modify the terms of this Agreement, including the

deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating

to this Agreement, or in the event that either party believes that the other party has failed to comply

with any term or condition of this Agreement, the party seeking the modification, raising the dispute

or seeking enforcement, shall provide the other party with written notice of the claim.  The parties

agree that they will meet and confer (in-person not required) at the earliest possible time in a good-

faith effort to resolve the claim before bringing any matter to the Court.  If the parties are unable to

resolve the claim within 30 days after the notice, either party may bring the claim to the Court.

5.     No party shall use this Agreement or the terms herein as evidence of what does or

does not constitute a reasonable timeline for a final listing determination or designation of critical

habitat in any other proceeding regarding the Service's implementation of the ESA.

6.     The parties agree that Plaintiffs are entitled to an award of the reasonable costs of

litigation (including attorneys' fees) attributable to their first and second claims for relief under

Section 11(g) of the ESA, 16 U.S.C. § 1540(g).  The parties dispute whether Plaintiffs are entitled

to an award of the reasonable costs of litigation (including attorneys' fees) attributable to their third

and fourth claims for relief, but acknowledge that Plaintiffs may also seek to recover such costs of

litigation.  The parties have attempted to settle Plaintiffs' claim for attorneys' fees and costs, as

required by L. Civ. R. 54.2(a), but have failed to reach agreement.  The parties agree that the

deadline for Plaintiffs to submit a motion for fees and costs is extended until sixty (60) days after

entry of this agreement.  Any dispute regarding the applicability of Federal Rule of Civil Procedure

68 will be resolved as part of Plaintiffs' motion for fees and costs unless the Court directs that it be

addressed sooner.  The parties specifically recognize that Defendants have not waived any defense to and preserve their right to challenge the reasonableness of the amount of the costs of litigation (including attorneys' fees) requested by Plaintiffs.  Once the issue of the amount of costs of litigation to be paid to plaintiffs' counsel is resolved, immediately upon receipt of the signed court order approving the award of costs, Plaintiffs' counsel shall provide Defendants with the account and routing numbers necessary to accomplish an electronic funds transfer, and, within ten (10) days of the signed Court Order, Defendants shall submit all necessary paperwork to ensure that the payment be accomplished by an electronic fund transfer into Plaintiffs' counsel's Client Trust Account.

7.      Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforeseen continuation of this action.

8.      By this agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation of the present action.

9.      No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the Defendants take action in contravention of the ESA, APA, or any other law or regulation, either substantive or procedural.  Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to Defendants the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in developing the listing determination(s) and the critical habitat determination, or as to the substance of any final determination(s) and rules.

10.      No provision of this Agreement shall be interpreted as, or constitute, a commitment

or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other provisions of law. Plaintiffs assert that (a) this Agreement and its terms do not create a conflict with the Anti-Deficiency Act because the duty to finalize proposed listings and critical habitat determinations is required in non-discretionary terms by the ESA; and (b) the Anti-Deficiency Act does not excuse compliance with this pre-existing, court-approved Agreement particularly where deadlines have been agreed to based on assessments of agency resources. Plaintiffs intend to assert this position if Defendants fail to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defenses to such a claim.

11.     The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement, Plaintiffs and Defendants do not waive any claim or defense.

12.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

13.     The terms of this Agreement shall become effective upon entry of an order by the Court ratifying this Agreement.

14.     The parties stipulate that this case should be stayed (and that the previously-filed cross-motions for summary judgment should not be reinstated) pending the Service's completion of the determinations set out in Paragraph 1 above. Upon publication of a final listing determination for the Gunnison sage grouse in the *Federal Register* pursuant to the ESA and the terms of this Agreement, Plaintiffs' Amended Complaint shall be dismissed with prejudice, pursuant to Federal

Rule of Civil Procedure 41(a)(1).  That dismissal shall apply to and be binding upon the parties hereto and anyone acting on their behalf, including successors, employees, agents, elected and appointed officers, and assigns.

15.    Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that this Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

DATED: November 14, 2005.

Respectfully submitted,

| | |
|---|---|
| AMY R. ATWOOD | THOMAS SANSONETTI |
| (D.C. Bar No. 470258) | Assistant Attorney General |
| DAVID A. BAHR | |
| admitted *pro hac vice* | JEAN E. WILLIAMS, |
| Western Environmental Law Center | Section Chief |
| 1216 Lincoln Street | |
| Eugene, Oregon 97405 | |
| 541-485-2471 | _____/s/_____ |
| 541-485-2457 (fax) | JAMES A. MAYSONETT, Trial Attorney |
| | (D.C. Bar No. 463856) |
| Attorneys for Plaintiffs | Wildlife & Marine Resources Section |
| | Environment & Natural Resources Division |
| | U.S. Department of Justice |
| | Ben Franklin Station, P.O. Box 7369 |
| | Washington, D.C.   20044-7369 |
| | (202) 305-0216 |
| | (202) 305-0275 |
| | |
| | Attorneys for Defendants |

OF COUNSEL:
Thomas Graf
Attorney Advisor
United States Department of the Interior
Office of the Solicitor
Rocky Mountain Regional Office
755 Parfet Street, Suite 151
Lakewood, CO 80215_____